IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>            Plaintiff,       )<br>                              )<br>     vs.                      )<br>                              )<br>ADAM MICHAEL QUIMBY,          )<br>                              )<br>            Defendant.        ) | NO. 4:07-cr-00065-RP-RAW |

## REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY
### (PLEA AGREEMENT)

The United States of America and the defendant, having both filed a written consent to conduct of the plea proceedings by a magistrate judge, appeared before me pursuant to Fed. R. Crim. P. 11 and LCrR 11.[1] The defendant entered a plea of guilty to Count 1 of an Indictment charging him with conspiracy to distribute controlled substances, that is (1) at least 500 grams or more of a mixture and substance containing methamphetamine and at least 50 grams of actual methamphetamine, (2) a mixture and substance containing cocaine, and (3) a mixture and substance containing marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), 841(b)(1)(C), and 841(b)(1)(D). After advising and questioning the defendant under oath concerning each of the subjects addressed in Rule 11(b)(1), I determined that

---

[1] Defendant first appeared for a plea proceeding on March 25, 2008. During the course of the plea colloquy defendant indicated he did not want to follow through with the plea. Defendant appeared again for a plea proceeding on April 14, 2008, at which time he stated he now desired to plead guilty and his plea was taken as reflected herein.

the guilty plea was in its entirety voluntarily, knowingly and intelligently made and did not result from force, threats, or promises (other than promises in the plea agreement). I further determined that there is a factual basis for the guilty plea on each of the essential elements of the offense(s) in question. A plea agreement was disclosed at the plea proceeding and defendant stated he understood its terms and agreed to be bound by them. To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C) defendant was advised the district judge to whom the case is assigned may accept the plea agreement, reject it, or defer a decision whether to accept or reject it until the judge has reviewed the presentence report as provided by Rule 11(c)(3)(A). To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B) defendant was advised by the Court that defendant has no right to withdraw the plea if the Court does not follow a recommendation or request in question.

I recommend that the plea of guilty be accepted and that the defendant be adjudged guilty and have sentence imposed accordingly. A presentence report has been ordered and a sentencing status conference scheduled.

_____
UNITED STATES MAGISTRATE JUDGE

4/14/08
DATE

2

## NOTICE

Failure by a party to file written objections to this Report and Recommendation within ten (10) days from the date of its service will result in waiver by that party of the right to make objections to the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B). The Report and Recommendation was served this date by delivery of a copy thereof to counsel for the government and defendant in open court.